IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ANDREA MANRIQUE YARURO, | § § | |
| Plaintiff, | § § | NO. 7:22-cv-00039-WLS |
| v. | § § | |
| UNITED STATES OF AMERICA, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, LASALLE SOUTHEAST LLC, DAVID PAULK, HOWARD, McMAHAN, AMBER HUGHES, "FNU" BATTLE; UNNAMED ICDC OFFICERS ##1-5, "FNU" WATSON, "FNU" CHAPPELLE, | § § § § § § § § § § | |
| Defendants. | § § | |

## DECLARATION OF WARDEN DAVID PAULK

I, Warden David Paulk, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence state in this Declaration is based on my personal knowledge.

2. I am employed by LaSalle Southeast, LLC ("LaSalle") as Warden of the Irwin County Detention Center in Ocilla, Georgia ("ICDC")

3. ICDC is operated by LaSalle, a private company, pursuant to a contract with Irwin County, Georgia.

4. The Plaintiff in this matter, Andrew Manrique Yaruro ("Yaruro"), is a former detainee of U.S. Immigration and Customs Enforcement ("ICE") and was housed at ICDC from April 12, 2019 to November 10, 2020.



5. ICDC has a grievance procedure which is contained on pages 11-12 within the Inmate/Detainee Handbook (the "Handbook"). A copy of the Handbook is attached hereto as Exhibit A-1.

6. ICDC has both a formal and informal grievance process. *See* Handbook at p. 11.

7. The Handbook describes the informal grievance process:

> There is an informal process for resolving grievances. You have the right to change an informal grievance to a formal grievance at any time during the process. You can write your complaint on a Request Form or fill the form our on the Telmate Tablet.

*See* Handbook at p. 11.

8. The formal grievance process, including the right to appeal, is described as follows:

> You may file a formal, written grievance no later than **5 days** after the event or unsuccessful conclusion of an informal grievance. An inappropriately filed grievance or one that is directed toward a non-grievance issue will be returned. Once you have completed the grievance form it may be placed in the grievance boxes located inside of all dorms and cell blocks, or given to any staff member. The final written resolution will be returned to you within **15 working days** of receipt, except for disciplinary cases. Appeals of disciplinary actions will be referred directly to the Warden. If you are dissatisfied by the final resolution of a grievance, you will have **5 working days** after notice of the decision to appeal to the Warden. The Warden will have **5 working days** to make a determination on the appeal and reply, except in disciplinary cases.

*See* Handbook at p. 11.

9. The formal grievance form is attached as Exhibit A-2.

10. The Handbook including the grievance procedures are available to all inmates and detainees of ICDC, including Yaruro.

11. All inmates and detainees, including Yaruro, are provided a copy of the Handbook.

12. Formal grievance forms are located in all dorms and cell blocks, or can be provided by staff members.

13. A formal grievance can be initiated for medical issues. *See* Handbook at p. 11.

14. The grievance procedure allows the denial of a formal grievance to be appealed to the Warden. *See* Handbook at p. 11.

15. I am personally familiar with Yaruro, her file, and her grievances.

16. To my knowledge, Yaruro knew of and understood the grievance process.

17. Yaruro was familiar with the grievance process. On one occasion in 2019, Yaruro submitted an informal grievance through the Telmate Tablet regarding an occurrence unrelated to this matter. Yaruro additionally submitted numerous request forms, including requests for medical treatment, requests for laundry, and requests for increased air conditioning at night.

18. Each of these informal requests by Yaruro were addressed by ICDC staff.

19. With regard to Yaruro's medical requests, Yaruro was seen and evaluated by ICDC's medical personnel and all of her requests for accommodations were addressed and granted. While these requests frequently included requests for pain medication, none of the written requests by Yaruro included requests for physical therapy, accommodations, or mobility aids.

20. Despite Yaruro's failure to request such items in writing, reasonable accommodations were requested by medical personnel on her behalf. In some circumstances, medical procedures and accommodations were ordered for Yaruro, but were not able to be provided prior to Yaruro's release from ICDC. In other circumstances, Yaruro was provided with accommodations and medical devices but refused to utilize them, despite instruction from medical personnel to do so.

21. Additionally, on ICE request forms in June and August 2020, Yaruro argued for her release based on her health condition and alleged lack of appropriate treatment at the facility. The form explicitly informed Yaruro that she should file a complaint or grievance with ICDC on ICDC forms prior to filing a complaint with ICE. No such complaint or grievance was ever made.

22. Indeed, Yaruro never formally complained to ICDC about her medical care. Yaruro never escalated any of her informal grievances or requests. In fact, Yaruro never filed any formal grievance whatsoever with ICDC.

23. Yaruro also has never attempted to appeal any grievance decisions (formal or informal) to me.

24. Yaruro was also charged with a disciplinary infraction on April 21, 2020. ICDC officers conducted a hearing on that violation on April 25, 2020. Yaruro refused to participate in the hearing and did not file or otherwise pursue a request for appeal. Yaruro also did not attempt to appeal this disciplinary action to me.

25. Yaruro did not exhaust the administrative remedies available to her at ICDC for the claims asserted in her Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 5th_, 2022.

_/s/ David Paulk_
Warden David Paulk