IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ANDREA MANRIQUE YARURO, § § | |
| Plaintiff, § § | NO. 7:22-cv-00039-WLS |
| v. § § | |
| UNITED STATES OF AMERICA, *et al.*, § § § | |
| Defendants. § | |

MEMORANDUM IN OPPOSITION TO
DEFENDANT HOWARD MCMAHAN'S MOTION TO DISMISS

COMES NOW, Plaintiff Andrea Manrique Yaruro and respectfully submits this Memorandum in Opposition to Defendant Howard McMahan's Motion to Dismiss.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On April 12, 2019, Immigration and Customs Enforcement ("ICE") arrested Ms. Manrique Yaruro and detained her at Irwin County Detention Center ("ICDC"). ECF No. 1 ¶¶ 26, 28, 146. Defendant McMahan is the doctor and designated clinical medical authority responsible for medical care at ICDC. *Id*. ¶ 20. April of 2020, a video of Ms. Manrique Yaruro and a group of other women detained at ICDC reporting the lack of COVID-19 safety precautions in the facility attracted significant press attention. *Id*.  ¶¶ 30-31. On April 21, 2020, ICDC guards threw Ms. Manrique Yaruro into a table, degrading and dislocating discs in her spine. *Id*. ¶¶ 36, 56.

This injury caused pain so intense in Ms. Manrique Yaruro's back and spine that she could not walk, stand, or dress without assistance. *Id*. ¶ 26. ICDC staff intermittently provided

Ms. Manrique Yaruro with a wheelchair to go to the medical unit, but denied her access to the wheelchair in all other instances, even to get food in the cafeteria. *Id*. ¶ 54. As a result of her mobility issues, Ms. Manrique Yaruro was periodically unable to access ICDC meals. *Id*. When ICDC staff observed Ms. Manrique Yaruro screaming in pain, they would tell her that they were sorry, but that ICE was responsible for getting her the help she needed. *Id*. ¶ 55.

On April 24, May 6, May 18, June 3, June 15, June 29, July 23, July 30, August 13, September 16, October 24, and November 2, 2020, Ms. Manrique Yaruro complained about her back pain to Defendants McMahan and Hughes. *Id*. ¶¶ 19, 20, 49, 146. Though Ms. Manrique Yaruo told Defendant Hughes that ICDC staff regularly did not provide her prescribed pain medications, Defendant Hughes failed to resolve the issue for weeks at a time. *Id*. ¶ 49. ICDC medical staff finally ordered Ms. Manrique Yaruro an extra thick mattress and a foam wedge on September 2, 2020 and a back brace on September 17, 2020. *Id*. ¶ 51.

Though Ms. Manrique Yaruro requested specialist care for her back injuries from Defendant Hughes on July 30, 2020, ICDC medical staff did not even order a referral to an orthopedic spine specialist until October 25, 2020. *Id*. ¶ 52. She never received any of those accommodations, and ICE eventually released her on December 24, 2020. *Id*. ¶¶ 51, 57.

On April 21, 2022, Ms. Manrique Yauruo filed her complaint, which included negligence claims against Defendant McMahan. *Id*. ¶¶ 145-150. On May 16, 2022, a waiver of summons form addressed to Defendant McMahan arrived at ICDC, but he never returned it. *See* ECF No. 29 at 2. On June 6, 2022, Defendant Lasalle, Defendant McMahan's employer, moved to dismiss Ms. Manrique Yaruro's claims against it. ECF No. 9.

On June 29, 2022, Plaintiff's counsel Jeremy Jong called Thomas David Gibbs III, a Georgia certified process server, requesting that he serve Defendant McMahanat ICDC. *See* ECF

No. 34-1. Mr. Gibbs responded that only the Irwin County Sheriff's Office ("ICSO") can serve individuals at ICDC and that other process servers were barred from the premises. *Id*. That same day, Mr. Jong called the ISCO to request that they serve Defendant McMahan. *See* ECF No. 34-2 ¶ 3. An ISCO officer told Mr. Jong that he must mail ISCO payment and any summons before they would attempt service and that ISCO would not accept electronic delivery or payment. *Id*. ¶¶ 4-5. Mr. Jong mailed the summons to ICSO on July 27, 2022. *Id*. ¶ 6. ICSO then served Defendant McMahan on August 2, 2022. ECF No. 29 at 2.

On August 22, 2022, Mr. Gibbs informed Mr. Jong that the Sheriff Association in the State of Georgia instituted the policy prohibiting service at ICDC by servers other than the ICSO "since about 2016." *Id*. The next day, Defendant McMahan filed his motion to dismiss arguing that she failed to timely serve. ECF No. 29.

## II. STANDARD OF REVIEW

A defendant challenging the sufficiency of the service under Rule 12(b)(5) bears the burden of showing it was improper. *See Winston v. Walsh*, No. 5:19-CV-00070-TES, 2019 WL 3068451, at *6 (M.D. Ga. July 12, 2019). If the Defendant meets that burden, the burden shifts to the plaintiff to provide "enough evidence to withstand a motion for directed verdict." *Id*. If the plaintiff meets that burden, the court may construe all reasonable inferences in favor of the plaintiff or conduct an evidentiary hearing. *Id*.

## III. ARGUMENT

Defendant McMahan urges this Court to dismiss Ms. Manrique Yaruro's claim against him because she failed to serve him by Rule 4(m)'s 90-day time-frame. ECF No. 29 at 2. Indeed, she failed to serve Defendant McMahan by Rule 4(m)'s July 20, 2022 deadline. However, she now requests a brief extension of time on good cause and discretionary grounds.

### A. Good Cause Exists to Extend the Service Period.

Courts may excuse failure to serve within ninety days for good cause. Fed. R. Civ. P. 4(m). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991).

Here, good cause exists for Ms. Manrique Yaruro's delay as the byzantine service rules at ICDC, Defendant Paulk's place of employment, delayed service. Defendant McMahan asserts that Ms. Manrique Yaruro made no good faith effort to serve him. ECF No. 29 at 9. However, she attempted to both serve Defendant McMahan before and after the July 20, 2022 deadline. On June 29, 2022, Mr. Gibbs told Mr. Jong that only ICSO could serve process at ICDC and that other process servers were barred from the premises. ECF No. 34-2. That same day, ISCO told Mr. Jong that they would serve Defendant McMahan only after they received payment and a copy of the summons and complaint by mail. ECF No. 34-3 ¶ 4. On August 12, 2022, another sheriff's officer confirmed that payment would need to be mailed. *Id.* ¶ 5. Mr. Jong mailed the summons to ISCO on July 27, 2022, and ISCO served Defendant McMahan on August 2, 2022. *Id.* ¶ 6; ECF No. 29 at 2. As irregular service procedures at ICDC delayed service here; good cause exists for extending the deadline in this case.

### 2. The Court Should Exercise is Discretion to Extend the Service Period.

Even in the absence of good cause for delay, a court still retains discretion to extend the time allowed for service. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Courts should consider discretionary extension where "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendment. The 2015 Advisory

Committee likewise noted that shortening the service deadline from 120 to 90 days would "increase the frequency of occasions to extend the time," like when "a defendant is difficult to serve." Fed. R. Civ. P. 4(m), Advisory Committee Note, 2015 Amendment.

The Eleventh Circuit has expressed that Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.,* 902 F.2d 897, 900 (11th Cir. 1990) (citing *United Food & Com. Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984)); *see also Idahosa v. Columbus*, No. 4:15-CV-209-CDL, 2016 WL 3129205, at *3 (M.D. Ga. June 2, 2016) ("[T]he fact that [defendant] received prompt notice of this action favors allowing [plaintiff] another opportunity to attempt to serve."). Relatedly, courts have weighed whether Defendants would be prejudiced by extending time. *See e.g. Hui Fang Lin v. United States*, No. 7:14-CV-138 (HL), 2015 WL 3796334, at *3 (M.D. Ga. June 18, 2015); *Mark v. Fulton Cnty*., No. 117CV02788LMMLTW, 2018 WL 4850254, at *5 (N.D. Ga. Aug. 17, 2018), *report and recommendation adopted,* No. 1:17-CV-2788-LMM-LTW, 2018 WL 4850228 (N.D. Ga. Sept. 7, 2018).

Still other courts have also considered whether the plaintiff herself was at fault in failing to serve. *See Scott v. Macon-Bibb Cnty.*, No. 5:21-CV-239 (MTT), 2022 WL 3328876, at *4 (M.D. Ga. Aug. 11, 2022) (extending time where plaintiff "did everything properly before hiring counsel" and her Title VII claims would be time barred upon dismissal).

Courts have also regularly extended time where plaintiffs attempted to cure defects promptly after the service period expired. *See Hui Fang Lin,* 2015 WL 3796334, at *3 (denying motion to dismiss where plaintiff served defendant twenty-five days after time expired amd therefore "while belated, Plaintiff attempted substantially to comply with the service requirements."); *Mark*, 2018 WL 4850254, at *4 (extending deadline where plaintiff served two

weeks late). Even the case cited by Defendant McMahan in favor of dismissal, *Richardson v. Excel Glob. Logistics, Inc.*, dismissed the complaint only after a forty day delay. No. 1:14-CV-129 (LJA), 2015 WL 13234512 at *3 (M.D. Ga. Dec. 18, 2015).

The Eleventh Circuit's *Horenkamp* decision is particularly instructive here. The court there affirmed a district court decision extending plaintiff's service period where "if it were to dismiss her complaint, even without prejudice, her claim would be foreclosed because of the applicable statute of limitations," and defendant "had notice of the suit and had now been properly served." 402 F.3d at 1133. Notably, the plaintiff successfully served the defendant in that case "29 days after the . . . time limit for service of process had expired." *Id*. at 1130.

Here, Georgia's statute of limitations would foreclose current Plaintiff's negligence claims against Defendant McMahan should the court choose to dismiss those claims. *See McCord v. Lee*, 286 Ga. 179, 180, 684 S.E.2d 658, 660 (2009). This factor thus weighs in favor of Ms. Manrique Yaruro.

As discussed in section I, *supra*, Plaintiff would have been able to serve via independent process server but for the difficult service rules at ICDC. Further, though Mr. Jong may have lacked diligence in serving Defendant Paulk, ECF No. 34-3 ¶ 7, none of his errors are attributable to Ms. Manrique Yaruro herself. It would be unfair to punish her for the sins of her counsel.

Nor has Defendant McMahanidentified any prejudice that he would face by extending time here. The United States Postal Service delivered a waiver of summons form and copy of the complaint addressed to Defendant McMahan at his place of employment, ICDC, on May 16, 2022. *See* ECF No. 1 ¶ 20; 29 at 2. However, Defendant McMahan never returned the waiver. *Id*. at 2. Furthermore, Defendant Lasalle, Defendant McMahan's employer filed its motion to

dismiss on June 6, 2022. ECF No. 8. As such, it is implausible that Defendant McMahan lacked adequate notice of this action unless Defendant Lasalle did not tell Defendant McMahan about it. ICSO served Defendant McMahan on August 2, 2022, just thirteen days after the service period expired and seventeen days less than the late period the Eleventh Circuit deemed excusable in *Horenkamp*. ECF No. 26.

The passing of the statute of limitations here would prejudice Ms. Manrique Yaruro for the mistakes of her counsel if this Court dismissed her claims against Defendant Paulk. On the other hand, extending the deadline would not prejudice Defendant McMahanat all as he had sufficient notice of the suit and was properly served twelve days after the Rule 4 deadline.

Defendant McMahan argues against discretionary extension because Ms. Manrique Yaruro "performed a late service of process, without apology or excuse." *See* ECF No. 29 at 9. However, as Defendant McMahan's counsel had not entered any appearance in the case or otherwise identified herself as counsel. Ms. Manrique Yaruro's counsel had no means by which to request an extension from Defendant McMahan or his counsel. As such, Ms. Manrique Yaruro merits a discretionary extension of that deadline here.

## IV.   CONCLUSION

This Court should excuse Ms. Manrique Yaruro's failures to timely serve Defendant McMahangiven good cause shown for the failure, her short period of noncompliance, and the expiration of the statute of limitations for Ms. Manrique Yauro's negligence claim. As such, we respectfully request that this Court excuse Ms. Manrique Yaruro's thirteen-day late service of Defendant McMahan and deny his motion to dismiss.

Dated: September 13, 2022

                                                Respectfully submitted,

                                                /s/ Jeremy Jong
Jeremy Jong*
New Jersey Bar Number: 066472014
Al Otro Lado
3511 Banks Street
New Orleans, LA 70119
Telephone: (504) 475-6728
Email: jeremy@alotrolado.org

Shirley Zambrano
Georgia Bar Number: 41429
Zambrano & Ruiz, LLC
1995 N Park Pl SE Suite 240,
Atlanta, GA 30339
Telephone: (770) 769-5820
szambrano@zambranoandruiz.com

*Pro Bono Counsel for Plaintiff*

\* *admitted pro hac vice*