**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| ANDREA MANRIQUE YARURO,<br><br>        Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, U.S.<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, LASALLE SOUTHEAST,<br>LLC; DAVID PAULK, HOWARD<br>MCMAHAN, AMBER HUGHES, "FNU" BATTLE;<br>UNNAMED ICDC OFFICERS ##1-5, "FNU"<br>WATSON, "FNU" CHAPPELLE,<br><br>        Defendants. | CASE NO.:<br>7:22-cv-00039-WLS |

**DEFENDANT HOWARD MCMAHAN'S SPECIAL**
**APPEARANCE REPLY IN SUPPORT OF RULE 12(b)(5)**
**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, **HOWARD MCMAHAN, MD** named as a Defendant in the above-styled action, specially appearing by and through undersigned counsel, and files this his *Reply in Support of Rule 12(b)(5) Motion to Dismiss and Memorandum of Law in Support*, showing this Honorable Court as follows:

Plaintiff has failed to show good cause or reason to call upon This Court to exercise its discretion and anoint Plaintiff's belated service of process on Dr. McMahan in violation of F.R.C.P. 4(m). Her Counsel's explanation for untimely service as "irregular service procedures" at the Irwin County Detention Center ("ICDC") is unpersuasive and legally unavailing.[1] (Doc 36, p. 4). Accordingly, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction due to untimely service of process.

---

[1] Plaintiff references attempted service on Defendant Warden David Paulk several times in her *Response Brief*. Defendant McMahan assumes that Plaintiff intended to refer to Dr. McMahan.

## ARGUMENT

I.   **Plaintiff has failed to show good cause to extend the service period.**

Good cause is entirely absent here. While Plaintiff blames "byzantine service rules at the ICDC" for untimely service, the evidence, instead, indicates that it was *Plaintiff* who inexcusably failed to take the necessary action to make timely service on Dr. McMahan. (Doc. 36, p. 4).

Under Rule 4(m), Plaintiff had 90 days from the filing of her Complaint on <u>*April 21, 2022*</u>, to effect service on Dr. McMahan—by <u>*July 21, 2022*</u>. In light of an unreturned, proposed waiver of service, Plaintiff did not make any effort to attempt to serve Dr. McMahan for *over two months after filing her Complaint*—on <u>*June 29, 2022*</u>. (Doc 36, p. 2). On this date, Plaintiff's Counsel, Jeremy Jong, called a Georgia process server, who apparently told him that only the Irwin County Sheriff's Office ("ICSO") can serve individuals at the ICDC. (Doc. 36, p. 2-3). Mr. Jong then called the ISCO and was informed that payment and a summons was required before the ISCO would attempt service on Dr. McMahan. (Doc. 36, p. 3). However—and setting aside the issue of whether the information from the private process server was correct given that it is directly contradictory to, and unsupported by Georgia and federal statutory and common law—Plaintiff's Counsel waited until <u>*July 27, 2022*</u>, to even mail the payment and summons to ICSO—***a whopping 28 days later and a full 6 days after the legal deadline for service of process***. (<u>See</u> Doc 36, p. 3). Plaintiff correctly states that ICSO ultimately served Dr. McMahan on <u>*August 2, 2022*</u>, but omits that Dr. McMahan was served *at his private medical practice*—not at the ICDC, thereby proving that Dr. McMahan need not have only been served inside the ICDC. (<u>See</u> Doc 36, p. 3).

Plaintiff has not shown good cause for why she could not have attempted service on Dr. McMahan at his private medical practice or anywhere else, whether inside or outside of the ICDC, within the 90-day time limit. She could have easily effected service on him at his home or private practice using any process server—whether private or the Sheriff's Office.  Plaintiff has entirely

failed to address the stark reality that Dr. McMahan's home address and private medical practice are easily locatable via a simple Google search, property and public records searches, or commonplace use of a private investigator. Plaintiff's Counsel apparently *himself* overcomplicated things by attempting to serve Dr. McMahan at the ICDC to the exclusion of any other legally-sanctioned and readily-available opportunities for service on Dr. McMahan.

To be sure, federal and Georgia procedural rules for service of process explicitly state that service may be made on an individual at his "dwelling or usual place of abode" and on an individual personally wherever he can be found. Rule 4(e)(2)(A)-(B); O.C.G.A.§ 9-11-4(e)(7).[2] However, there is no statutory provision for service of an individual at his place of employment. See Rule 4(e). See also Turner v. Flowers, 2021 U.S. Dist. LEXIS 11924, *6-7 (N.D. Ga. 2021) ("No provision is made for leaving a copy at the individual's usual place of business or with the individual's employer.").  Plaintiff's myopic focus on attempting to serve Dr. McMahan at ICDC, then, was both legally improper and unwise. It was also an unnecessary creation of Plaintiff's Counsel—not Dr. McMahan.

The present case is similar to Coney v. Macon-Bibb Cty., 2019 U.S. Dist. LEXIS 108453, *1 (M.D. Ga. 2019). There, the plaintiff sued the former Mayor of Macon, Robert Reichert, in his individual capacity but failed to serve him individually within the 90-day time frame under Rule 4(m). Id. at *3-4. The plaintiff, instead, attempted to make service on Mr. Reichert through an agent for the Macon-Bibb County Board of Commissioners. Id. at *4. Mr. Reichert filed a motion to dismiss for lack of service of process. Id. The Court found, *[p]erhaps most notable [was]*

---

[2] "The Georgia statute governing service of process on an individual defendant provides for service of process in the same manner as permitted under Federal Rule 4(e)." Turner v. Flowers, 2021 U.S. Dist. LEXIS 11924, *6-7 (N.D. Ga. 2021), citing Etris v. Snyder, No. 2:10-cv-00113, 2012 U.S. Dist. LEXIS 26868, 2012 WL 692811, at *3 n.3 (N.D. Ga. 2012) (citing O.C.G.A. § 9-11-4(e)(7)).

*plaintiff's failure to attempt service on Defendant Reichert at his home*." Id. at \*6-7 (emphasis added). The Court further emphasized,

> Plaintiff has not shown good cause for his failure to properly effect service upon Defendant Reichert. *Plaintiff has not alleged that Defendant Reichert evaded personal service or attempted to conceal a defect in service*. As Defendant Reichert states, "the conspicuous nature of his public office *makes him regularly accessible to members of the community, and, as such, it would not be difficult to locate him for purposes of personally serving him in his individual capacity*. It simply can't be that hard to serve the Mayor of Macon-Bibb County.

Id. at \*7-8 (emphases added). The court further noted, "Plaintiff easily could have *hired a private process server or anyone* to deliver the Complaint and Summons to the mayor. *Just as easily, he could have listed the mayor's home address on the summons*." Id. at \*8-9 (emphases added). In granting Mr. Reichert's motion to dismiss, the Court concluded, "[a]ll that is abundantly clear from the record is that Plaintiff has long since passed his deadline to perfect service and he has made minimal attempts to adhere to federal procedural rules regarding service." Id. at \*9-10.

Similarly, here, Dr. McMahan's home address, private practice, and physical whereabouts on a daily basis were just as easily locatable to and knowable by Plaintiff, and there is no claim here that Dr. McMahan attempted to evade personal service. There is simply no excuse—and certainly not a legally cognizable excuse as is required by law—for why Plaintiff did not effectuate timely service on Dr. McMahan in any of a variety of ways allowed by law. It simply was not difficult for Plaintiff to serve Dr. McMahan—"The rules for service are not complicated[.]" Hui Fang Lin v. U.S., 2015 U.S. Dist. LEXIS 78764, \*6 (M.D. Ga. 2015).

## II.   The circumstances do not warrant this Court excising its discretion to extend the service period.

Furthermore, Plaintiff fails to offer a persuasive reason why the Court should exercise its discretion to extend the service period here. The Horenkamp case, as well as other cases cited by Plaintiff, are easily distinguishable. In Horenkamp v. Van Winkle & Co., 402 F.3d 1129 (11th Cir.

2005), the court exercised its discretion to extend the time for service because the Plaintiff mistakenly believed she had until March 26, 2004 to effectuate service, rather than February 24, 2004. Id. at 1130. However, Plaintiff has not asserted any similar mistake in miscalculating the correct deadline for service on Dr. McMahan.

The other cases cited by Plaintiff in which the court exercised its discretion to extend the time for service likewise offer a valid reason to extend the service period. See Idahosa v. Columbus, Ga., 2016 U.S. Dist. LEXIS 71667, *7 (M.D. Ga. 2016) (granting extension of service period when plaintiff was not dilatory or negligent in attempting to serve defendant, but plaintiff genuinely believed serving defendant by certified mail complied with the Federal Rules); Scott v. Macon-Bibb Cnty., 2022 U.S. Dist. LEXIS 143872, *10 (M.D. Ga. Aug. 11, 2022) (plaintiff's counsel's failure to read Rule 4 and realize deadline to make service changed from 120 days to 90 days did not constitute good cause, but the circumstances warranted extension because plaintiff, while *pro se* before she hired counsel, did everything properly); Mark v. Fulton Cty., 2018 U.S. Dist. LEXIS 220209, *3 (N.D. GA. 2018) (court exercised discretion to grant extension in case where *pro se* plaintiff argued he relied on faulty advice about deadline for service and quickly effected service when he learned of his mistake); Hui Fang Lin v. U.S., 2015 U.S. Dist. LEXIS 78764, *6-7 (M.D. Ga. 2015) (plaintiff's failure to serve defendant due to misapprehension of rules of service did not constitute good cause, but plaintiff was diligent in correcting service error when she realized mistake was satisfactory). By contrast, here, Plaintiff simply disregarded the proper and available, legally-prescribed methods for service of process on an individual as well as the strict, 90-day time requirement.

Further, Plaintiff has incorrectly argued that Dr. McMahan's employer is Co-Defendant LaSalle Southeast, LLC ("LaSalle"); Plaintiff contends this is significant because LaSalle filed a motion to dismiss on June 6, 2022, and, therefore, LaSalle would have presumably provided Dr.

McMahan with notice of the suit. (Doc. 36, p. 6). However, since Dr. McMahan is *not employed by LaSalle*, the timing of LaSalle's motion to dismiss is irrelevant. Even so, "[a] defendant's actual notice is not sufficient to cure defectively executed service." Garvich v. Georgia, 2022 U.S. App. LEXIS 13069, *3 (11th Cir. 2022) (citation omitted).

Finally, Plaintiff's argument that the Court should exercise its discretion to extend the service period here because the statute of limitations for her claim against Dr. McMahan has passed is equally unpersuasive. "[T]he running of the statute of limitations does *not require that a district court extend the time for service of process under the new rule*." Horenkamp v. Van Winkle & Co., 402 F.3d at 1133 (emphasis added), citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3rd Cir. 1995) ("We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."). See also Coney v. Macon-Bibb Cty., 2019 U.S. Dist. LEXIS 108453, *9 ("It is entirely within the Court's discretion to dismiss a complaint without prejudice that has not been properly served within 90 days. This is true, even if the statute of limitations for the original action has already run, making the dismissal tantamount to a dismissal with prejudice.").

## CONCLUSION

Wherefore, for the foregoing reasons, Dr. McMahan again respectfully requests that this Honorable Court **GRANT** his Rule 12(b)(5) Motion to Dismiss and that Plaintiff's claim against him be dismissed.

This 23rd day of SEPTEMBER, 2022.

                                          **BENDIN SUMRALL & LADNER, LLC**

                                          */s/ Kristin L. Pierson*
                                          KRISTIN L. PIERSON
                                          Georgia Bar No. 259570
                                          CARRIE MOSS
                                          Georgia Bar No. 806050
                                          ***Attorneys for Defendant Howard***
                                          ***McMahan***

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia   30309
404-671-3100; Fax:  404-671-3080
kpierson@bsllaw.net
cmoss@bsllaw.net

## CERTIFICATE OF SERVICE

I   HEREBY CERTIFY that I have this day electronically filed this **DEFENDANT HOWARD MCMAHAN'S SPECIAL APPEARANCE REPLY IN SUPPORT OF 12(b)(5) MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT** with the Clerk via CM/ECF and served a copy of the foregoing pleading via email notification to all counsel of record as follows:

**ATTORNEYS FOR PLAINTIFF**
Shirley Zambrano
Zambrano & Ruiz, LLC
1995 N. Park Place, SE, Suite 240
Atlanta, GA 30339
Email: szambrano@zambranoandruiz.com

Jeremy Jong
AL OTRO LADO
3511 Banks Street
New Orleans, Louisiana 70119
Email: jeremy@alotrolado.org
**\*PRO BONO COUNSEL FOR PLAINTIFF**

**ATTORNEYS FOR DEFENDANT LASALLE SOUTHEAST, LLC, WARDEN DAVID PAULK, AMBER HUGHES, OFFICER CORETTA BATTLE, OFFICER ERICA CHAPPELLE, and JAMAAL WATSON**
John T. Rouse
MCGLINCHEY STAFFORD, PLLC
1020 Highland Colony Parkway, Suite 702
Fax: 601-608-7871
Email: jrouse@mcglinchey.com

**ATTORNEYS FOR DEFENDANT UNITED STATES OF AMERICA**
E. Bowen Reichert Shoemaker
United States Attorney's Office
Post Office Bo 1702
Macon, GA 31202
Bowen.shoemaker@usdoj.gov

This 23rd day of SEPTEMBER, 2022.

BENDIN SUMRALL & LADNER, LLC

*/s/ Kristin L. Pierson*
KRISTIN L. PIERSON
Georgia Bar No. 259570
CARRIE MOSS
Georgia Bar No. 806050
*Attorneys for Defendant Howard McMahan*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia   30309
404-671-3100; Fax:  404-671-3080
kpierson@bsllaw.net
cmoss@bsllaw.net