IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ANDREA MANRIQUE YARURO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-cv-39 (WLS) |
| | : | |
| UNITED STATE OF AMERICA, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Presently before the Court are Defendants, David Paulk, Coretta Battle, and Jamaal Watsons' combined 12(b)(5) & 12(b)(6) Motions to Dismiss Plaintiff's Complaint as well as Defendants, Howard McMahan & Amber Hughes, Motions to Dismiss pursuant to 12(b)(5). (Docs. 1, 28, 29, 33, 35 & 37.)[1] Therein, Defendants move to dismiss Plaintiff's Complaint (Doc. 1) for failure to perfect service of process within the timeframe provided by Federal Rule of Civil Procedure 4(m). (Docs. 28, 29, 33, 35 & 37.) Defendants Paulk, Battle and Watson, also move to dismiss pursuant to 12(b)(6) for failure to state a claim. (Docs. 28, 33 & 37.) For the reasons that follow Defendants Paulk, McMahan, Hughes, Battle and Watsons' Motions to Dismiss pursuant to 12(b)(5) are **GRANTED** and Defendants Paulk, Battle and Watson's Motions to Dismiss pursuant to 12(b)(6) are **DENIED without prejudice as MOOT**. (Docs. 28, 29, 33, 35 & 37.)[2]

**RELEVANT PROCEDURAL HISTORY**

On April 21, 2022, Plaintiff, Andrea Manrique Yaruro, commenced this action by filing a Complaint against the United States of America, U.S. Immigration and Customs

---

[1] The Court notes for the purposes of the record that Defendant Erica Chapelle joined in Defendant Coretta Battle's Motion to Dismiss (Doc. 33) but was subsequently dismissed from this action on November 8, 2022, pursuant to the Parties' Joint Motion to Dismiss (Docs. 52, 53 & 54.)

[2] The Court notes for the purposes of the record that Defendants LaSalle Southeast LLC, the United States of America and Immigration and Customs Enforcement also all move to dismiss Plaintiff's claims pursuant to 12(b)(6). (Docs. 8 & 19.) The Court shall address those Motions (Docs. 8 & 19) in a separate Order.

Enforcement, LaSalle Southeast LLC, David Paulk, Howard McMahan, Amber Hughes, FNU Battle, Unnamed ICDC Officers #31-5, FNU Watson & FNU Chappelle. (Doc. 1.) Plaintiff sought damages for alleged assaults and batteries sustained while detained at LaSalle Southeast LLC by Defendants, denial of medical treatment, negligent and intentional infliction of emotional distress, negligence, discrimination pursuant to the Rehabilitation Act, and the First Amendment. (Doc. 1.) The Court notes for the purposes of the record that Plaintiff's Complaint was filed just three (3) days before the expiration of the statute of limitations on the claims included therein.

Pursuant to Federal Rule Civil Procedure 4(m), Plaintiff had ninety (90) days to perfect service after the filing of the Complaint, or no later than Wednesday, July 20, 2022. Plaintiff failed to timely serve Defendants (1) David Paulk, (2) Howard McMahan, (3) Coretta Battle, (4) Erica Chapelle, (5) Amber Hughes and (6) Jamaal Watson.[3] Accordingly, Defendants: Paulk, McMahan, Battle, Hughes and Watson moved to dismiss Plaintiff's Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 12(b)(5). (Docs. 28, 29, 33, 35 & 37.) Plaintiff timely filed her Responses[4] (Docs. 34, 36, 44, 45 & 46) and Defendants Replied. (Docs. 40, 41, 48, 49 & 50.) Defendant McMahan also moved for a hearing. (Doc. 43.)

After briefing had concluded, this Court entered an Order granting Defendant Howard McMahan's Motion for a Hearing. (Docs. 43 & 54.) The Court elected to hold a hearing after determining that certain factual issues required further development when ruling on the presently pending Motions to Dismiss. (Docs. 28, 29, 33, 35 & 37.) Specifically, the Court sought to determine whether there was in fact a "byzantine service of process rule" that prohibited anyone but the Deputies of the Irwin County Sheriff's Office from effecting service

---

[3] Warden David Paulk was served on August 1, 2022, 13 days after the deadline. (Doc. 27.) Howard McMahan was served on August 2, 2022, 14 days after the deadline. (Doc. 26.) Officer Battle was served on August 19, 2022, 31 days after the deadline. (Doc. 25.) Officer Chapelle was served on August 17, 2022, 29 days after the deadline, but as stated *supra* has since been dismissed from this action. (Docs. 24 & 54.) Nurse Amber Hughes was served on August 23, 2022, 35 days after the deadline. (Doc. 30.) Finally, Officer Watson was served on August 25, 2022, 37 days after the deadline. (Doc. 32.)

[4] The Court notes for the purposes of the record that Plaintiff argued that the Court should exercise its discretion and extend the service period in Plaintiff's Responses to Defendant's 12(b)(5) Motions to Dismiss. However, a Response to a 12(b)(5) Motion to Dismiss is not the proper place to request an extension and no formal written motion requesting an extension of the service of process deadlines has been filed with this Court to date.

of process at the Detention Center, which would excuse the delay, as Plaintiff claimed in her Responses.[5] (Docs. 34, & 44.)

At the December 7, 2022, evidentiary hearing Plaintiff conceded that good cause did not exist to extend the service of process deadline, because no "byzantine service of process rule" existed that would have prevented service of process in this case, on these Defendants, and Plaintiff's Counsel had been dilatory in his efforts to effect service. Specifically, it was deduced that Plaintiff's Counsel had misinterpreted a conversation, he had had with a certified process server, Thomas David Gibbs, III, in which Mr. Gibbs advised Plaintiff's counsel that private process servers were not permitted to serve **inmates or detainees** at jails, prisons and detention/correctional facilities in Georgia.[6]

Plaintiff also conceded that Plaintiff's Counsel had not diligently pursued service of process, as evidenced by following facts. First, Plaintiff waited until May 11, 2022, nearly a month after filing the Complaint, to issue requests for waiver of service as to all the individual Defendants, many of which were defective.[7] (See Doc. 37-1.) Second, when the deadline to execute those waivers expired on June 11, 2022, Plaintiff once again delayed until June 29, 2022, sixty-nine (69) days after the Complaint was filed, to even contact a certified process server and the Irwin County Sheriff's Office to learn the procedure of how to effect service. (Doc. 34-2.) Third, despite learning the procedure for how service of process could be affected at the Irwin County Detention Center on June 29, 2022, Plaintiff delayed nearly one (1) month, until after the service of process deadline had expired, to mail a copy of the Summons and Complaint to the Irwin County Sherriff's Office on July 27, 2022. (Doc. 34-2.) Finally, Plaintiff further delayed the process of effecting service, because Plaintiff took no action to identify those individuals, whose first name was unknown at the time of filing the Complaint or to verify that the waivers had been received; and there is nothing in the record that shows that

---

[5] The Court notes for the purposes of the record that Plaintiff did not claim that a byzantine service of process rule precluded her from successfully serving Defendant Howard McMahan. (Doc. 36.)

[6] The Court notes for the purposes of the record that Defense Counsel tendered into evidence Mr. Gibb's declaration that stated that the policy of not permitting private process servers at the Irwin County Detention Center would not have applied in this case, because generally "officers at these detention/correctional facilities will make themselves available for service at the access point to the facility." (Doc. 57-1 at 2.)

[7] The Court notes for the purposes of the record that Defendants admitted at the hearing that they had constructive notice of the Complaint through the delivery of the defective waivers.

Plaintiff even attempted to discover the names or addresses of Defendants Hughes, Watson, Chappelle or Battle until August 9, 2022, which was after the service of process deadline had already expired.[8] (Doc. 28-2.) Furthermore, there is nothing in the record that suggests that any of the individual Defendants in this action attempted to evade service of process.

The Court also notes for the purposes of the record that Plaintiff was repeatedly advised by Counsel for Defendants Paulk, Battle, Chappelle, Hughes and Watson that "service [was] out of time on the individual defendants." (Doc. 28-2.) Despite this, Plaintiff never requested that this Court extend the service of process deadlines, through a properly filed motion. Furthermore, Plaintiff's Counsel admits that he never even discussed the possibility of extending the service of process deadlines with Defense Counsel, because Plaintiff's Counsel "assumed that [Defense Counsel] would refuse." (Doc. 34-2.) Finally, the Court notes that while Plaintiff did request a discretionary extension in her Responses (Docs. 34, 36, 44, 45 & 46) to Defendants' 12(b)(5) Motions to Dismiss (Docs. 28, 29, 33, 35 & 37), those requests were late, not properly presented, and should have been filed on or before July 20, 2022, the day that the deadline to effect service expired.[9]

## DISCUSSION

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and complaint within ninety (90) of the filing of the Complaint. In cases where a plaintiff fails to timely effect service, the court must dismiss the action without prejudice or order that service of process be made within a specified time. Fed. R. Civ. P. 4(m). While Fed. R. Civ. P. 4(m) utilizes the language of command – "must" – the rule has been repeatedly interpreted in the United States Court of Appeals for the Eleventh Circuit to give district courts discretionary authority to grant an extension based on the factors outlined in Rule 4(m)'s advisory committee notes. *See Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018) (per

---

[8] The Court also notes for the purposes of the record that Defendant McMahan's private medical practice, where Defendant McMahan could have and was ultimately served, is easily determined, as evidenced by the fact that it appears when Defendant McMahan's name is googled.

[9] The Court notes for the purposes of the record that Plaintiff extension requests were filed fifty-five (55) days after the deadline to effectuate service as to David Paulk; fifty-six (56) days after the deadline to effectuate service as to Howard McMahan; seventy-one (71) days after the deadline to effectuate service as to Coretta Battle; seventy-one (71) days after the deadline to effectuate service as to Erica Chappelle; seventy-two (72) days after the deadline to effectuate service as to Amber Hughes; and seventy-two (72) days after the deadline to effectuate service as to Jamaal Watson. (See Docs. 34, 36, 44, 45 & 46.)

4

curiam) (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005)). Furthermore, if a plaintiff is able to establish good cause for their failure to timely effect service, an extension is mandatory. *See Hong-Diep Vu.*, 756 F. App'x at 882.

In the present case, since Plaintiff's Counsel conceded at the status hearing that good cause does not exist[10] for his failure to timely effect service of process, this Court must only determine whether a discretionary extension of the deadline to effect service is appropriate. In ruling on whether a discretionary extension is warranted, courts are encouraged to consider, among other non-exhaustive factors, whether the applicable statute of limitations would bar the refiled action, or if the defendant was evading service or concealing a defect in attempted service. *See* Fed. R. Civ. P. 4(m)'s advisory committee notes.

In the present case, Plaintiff's Complaint was filed just three (3) days before the expiration of the statute of limitations on her claims. Therefore, if this Court were to dismiss Plaintiff's claims for failure to effect service of process pursuant to 12(b)(5), the applicable statute of limitations would bar the refiled action in federal court. Accordingly, the Court finds that this factor weighs in favor of a discretionary extension of the service of process deadline, because in the United States Court of Appeals for the Eleventh Circuit "there is a strong policy of determining cases on their merits." *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1295 (11th Cir. 2003).

While the statute of limitations factor weighs in favor of a discretionary extension, this Court finds that a discretionary extension is not warranted based on the facts of this case. In making this determination the Court relies upon the following facts. First, as stated *supra* there is nothing in the record that shows that the individual Defendants in this action were attempting to evade service, or concealing a defect in attempted service, to fabricate a violation of Fed. R. Civ. P. 4(m). Second, despite being put on notice that Defendants would not waive service of process on June 11, 2022 – the deadline to execute the waiver – Plaintiff made no attempt to timely effect service of process as evidenced by Plaintiff's Counsel's admission that he "delayed in mailing the summons and complaint to the Irwin County Sheriff's Office [until]

---

[10] The Court notes for the purposes of the record that good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

July 27, 2022," which is after the deadline to effect service of process expired. (Doc. 34-2.) Third, Plaintiff did not even attempt to discover the names or addresses of the Defendants Hughes, Watson, Chappelle or Battle until August 9, 2022, which was after the service of process deadline had already expired.[11] (Doc. 28-2.) Fourth, despite being informed repeatedly by Defense Counsel that "service [was] out of time" (Doc. 28-2) Plaintiff never inquired whether Defendants would be willing to extend the service deadlines (Doc. 34-2) and never filed an appropriate motion for an extension for this Court's consideration.[12] Instead, Plaintiff delayed until her Complaint was placed under threat of dismissal before arguing that an discretionary extension was appropriate in her Responses.

In sum, all of these facts point towards a complete lack of effort to comply with the Rules of Civil Procedure, and requirements of Fed. R. Civ. P. 4(m) and as such, a discretionary extension is not warranted.

## CONCLUSION

In conclusion, since a discretionary extension of the service of process deadlines is not warranted, Defendants Paulk, McMahan, Hughes, Battle and Watsons' Motions to Dismiss pursuant to 12(b)(5) (Docs. 28, 29, 33, 35 & 37) are **GRANTED**. Furthermore, Defendants Paulk, Battle and Watson's Motions to Dismiss pursuant to 12(b)(6) are **DENIED without prejudice as MOOT**. (Docs. 28, 29, 33, 35 & 37.)

**SO ORDERED**, this 9th day of January 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] The Court notes for the purposes of the record that all of these Defendants were eventually served at their homes.

[12] While Plaintiff's Counsel states that he assumed that Defense Counsel would refuse to extend the service deadlines, that is not for Defense Counsel to decide. If Plaintiff's Counsel had filed a proper motion for this Court's consideration, it would have been for the Court to determine whether a discretionary extension of the deadline to effect service was merited.

6